# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND D. CROWDER, | CASE NO. 1:05-CV-00536-OWW-LJO-P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIM AND DEFENDANT |
| v. | |
| DR. K. KIM, et al., | (Docs. 1, 10, and 14) |
| Defendants. | |

I.  Findings and Recommendations Following Screening of Complaint

    A.  Procedural History

Plaintiff Raymond D. Crowder ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on April 21, 2005. (Doc. 1.) On February 27, 2006, the court issued an order finding that plaintiff's complaint contains a cognizable claim for relief against defendant Kim for acting with deliberate indifference to plaintiff's medical needs, in violation of the Eighth Amendment, but does not contain a cognizable claim for relief against the Medical Supervisory Committee. (Doc. 10.) The court ordered plaintiff to either file an amended complaint or notify the court of his willingness to proceed only against defendant Kim. (Id.) On April 11, 2006, the court granted plaintiff's request for a sixty-day extension of time to file an amended complaint. (Doc. 12.) On June 15, 2006, plaintiff notified the court that he does not wish to file an amended complaint and wishes to proceed only against defendant Kim. (Doc. 14.) Based on plaintiff's notice, this Findings and Recommendations now issues.

B.   Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

C.   Summary of Plaintiff's Complaint

The events at issue in this action allegedly occurred at the California Correctional Institution in Tehachapi. Plaintiff names Dr. K. Kim and the Medical Supervisory Committee as defendants. Plaintiff is seeking money damages.

In his complaint, plaintiff alleges that on April 15, 2004, he began to experience blurred vision. Plaintiff was seen by defendant Dr. Kim on April 16, 2004, given a 3 day lay-in, and

...

instructed to return if his vision worsened. Plaintiff was seen by defendant Kim the next week after his vision worsened, given "natural tears," and told to return if his vision worsened. Plaintiff alleges that when he awoke on June 14, 2004, he was totally blind in his right eye. Plaintiff was taken to an outside hospital on June 15, 2004, and told that he needed to be seen by a retinal specialist within two to three days. Plaintiff was taken to a specialist on August 2, 2004, and on August 20, 2004, was informed he had a totally detached retina. Plaintiff had surgery on his eye on August 26, 2004. Plaintiff alleges that as a result of the delay in receiving treatment, he is permanently blind in his right eye.

> The Civil Rights Act under which this action was filed provides:
>
> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in

3

a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Plaintiff's allegation that the delay in receiving medical treatment for his eye rendered him blind in that eye is sufficient to state a claim for relief against defendant Kim, who was his treating doctor at the prison. Fed. R. Civ. P. 8(a). However, plaintiff has not stated a claim against the Medical Supervisory Committee. Plaintiff must allege facts linking the acts or omissions that led to the violation of his constitutional rights to the individuals responsible for the acts or omissions. Plaintiff has neither named the members of the Medical Supervisory Committee in his complaint nor set forth any facts demonstrating that the members of the Medical Supervisory Committee violated his rights. Therefore, plaintiff fails to state a claim against the committee.

### D. Conclusion

The court finds that plaintiff's complaint contains a cognizable claim for relief against defendant Kim for acting with deliberate indifference to plaintiff's medical needs, in violation of the Eighth Amendment. However, the court finds that plaintiff's complaint does not contain a cognizable claim for relief against the Medical Supervisory Committee. The court provided plaintiff with the opportunity to file an amended complaint, but after obtaining a sixty-day extension of time to file an amended complaint, plaintiff notified the court that he does not wish to amend and wishes to proceed only against defendant Kim. Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed on plaintiff's complaint, filed April 21, 2005, against defendant Kim for acting with deliberate indifference to plaintiff's medical needs, in violation of the Eighth Amendment; and

2. Plaintiff's Eighth Amendment medical claim against defendant Medical Supervisory Committee be dismissed, without prejudice, for failure to state a claim upon which relief may be granted under section 1983; and

3. Defendant Medical Supervisory Committee be dismissed from this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   June 21, 2006**              /s/ Lawrence J. O'Neill
b9ed48                                  UNITED STATES MAGISTRATE JUDGE